FILED

MAY 14 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEBRA THOMAS, | No. 11-35483 |
| Plaintiff - Appellant, | DC No. CV 3:09-1250 JE |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
John Jelderks, Magistrate Judge, Presiding

Submitted May 8, 2012[**]
Portland, Oregon

Before: TASHIMA, TALLMAN, and IKUTA, Circuit Judges.

Debra Thomas appeals the district court's decision affirming the Social

Security Commissioner's denial of her claim for disability benefits. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

**1.** The administrative law judge ("ALJ") did not err in finding that Thomas' impairments did not meet or equal Listing 12.07. He relied on Dr. Crossen's testimony that Thomas suffered from only mild to moderate restrictions of daily living, social functioning, and concentration; Listing 12.07 requires more than that. That the evidence could have supported a different conclusion from the one the ALJ drew does not prevent his finding from being supported by substantial evidence. *See Conahan v. Sebelius*, 659 F.3d 1246, 1250 (9th Cir. 2011).

**2.** The ALJ also gave "specific and legitimate reasons supported by substantial evidence in the record," *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998), for assigning little weight to the opinion of Thomas' treating physician that Thomas is disabled. The treating physician's opinion was perfunctory and unsupported by specific functional limitations for Thomas. *Cf. Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) (ALJ did not adequately explain why he disagreed with *four* physicians' supported opinions that the claimant was disabled).

**3.** The ALJ gave specific, clear and convincing reasons for rejecting Thomas' testimony about the severity of her symptoms. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Thomas' testimony about when she first used marijuana was inconsistent; her complaints of leg pain were belied by record evidence that she could "ambulate well" and had good range of motion; and her

2

conservative course of treatment indicated that her pain was less severe than reported. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007). Even if other bases for the ALJ's finding were invalid, any error was harmless. *See Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

**4.** In determining Thomas' residual functional capacity ("RFC"), the ALJ properly considered the limiting effects of all of her impairments in light of the medical record. *See* 20 C.F.R. § 404.1523. A severe impairment need not necessarily "correspond to limitations on a claimant's ability to perform basic work activities," *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228-29 (9th Cir. 2009), and the "significant work-related functional limitations" that the ALJ identified at step two were adequately accounted for in the RFC.

**5.** The ALJ did not err by posing incomplete hypothetical questions to the vocational expert . Hypothetical questions must set out all of a claimant's limitations and restrictions, *Bray*, 554 F.3d at 1228, and here, they did.

**6.** Lastly, the vocational testimony on which the ALJ relied was not erroneous. Even if Thomas could not perform the jobs of appointment clerk or assembler, she could perform the job of housekeeper cleaner, which existed in significant numbers in the national economy. Reliance on expert testimony that

3

contradicts information in the Dictionary of Occupational Titles ("DOT") requires "persuasive evidence to support the deviation," *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995), but here there was no contradiction between the DOT's description of a housekeeper's duties and the restrictions set forth in Thomas' RFC.

**AFFIRMED.**